IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA BAIR, | : | Case No. 4:13-CV-2866 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| CITIZENS BANK OF PENNSYLVANIA | : | |
| | : | |
| Defendant. | : | |

## ORDER

November 2, 2015

The undersigned has given full and independent consideration to the September 21, 2015 Report and Recommendation of Chief Magistrate Judge Martin C. Carlson (ECF No. 33) regarding Defendant's Motion for Summary Judgment (ECF No. 23). After Chief Magistrate Judge Carlson issued his Report and Recommendation, the Plaintiff filed Plaintiff's Objections to Magistrate Judge's Report and Recommendation ( ECF No. 34) and a Memorandum of Law in Support of Plaintiff's Objection to Magistrate Judge's Report and Recommendations (ECF No. 35). In response, Defendant filed Defendant's Response to Plaintiff's Objections to Magistrate Judge Carlson's September 21, 2015 Report and Recommendation (ECF 38).

When objections are filed to the report and recommendation of a magistrate judge, the district court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made." 28 U.S.C. § 636(b)(1)(C); *United States v Raddatz,* 447 U.S. 667, 674-75; 100 S.Ct. 2406; 65 L. Ed. 2d 424 (1980). The court may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 675; *see also Mathews v Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

Here, Plaintiff made three objections to Chief Magistrate Judge Carlson's Report and Recommendations. First, Plaintiff argued that Chief Magistrate Judge Carlson applied the wrong legal standard in concluding that Plaintiff failed to satisfy her burden of requesting a reasonable accommodation under the Americans Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117. Plaintiff, however, cited the standard used by Chief Magistrate Judge Carlson as the correct standard. Therefore, Plaintiff did not object to the standard applied and instead objected to Chief Magistrate Judge Carlson's finding that Plaintiff failed to request reasonable accommodations at all. Plaintiff's second and third objections, like her

first objection, challenge Chief Magistrate Judge Carlson's examination of the evidence and simply argue that his findings were incorrect.

This Court has considered the Plaintiff's Objections with appropriate scrutiny and has reviewed the record *de novo*. Because this Court agrees with Chief Magistrate Judge Carlson's findings and recommendations, the Court will not rehash the reasoning of the Chief Magistrate Judge and will instead adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Chief Magistrate Judge Carlson's Report and Recommendation is ADOPTED in full. September 21, 2015 ECF No. 33.

2. Defendant Citizen's Bank of Pennsylvania's Motion for Summary Judgment is GRANTED in its entirety. November 26, 2014 ECF No. 23.

3. The Clerk is directed to enter final judgment in favor of Defendant and against Plaintiff and to close the case file.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge